<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SOMET TECHNOLOGIES LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>KEVIN D. JARVIS[1] in his capacity as<br>Acting Commissioner of the New Jersey<br>Department of Labor and Workforce<br>Development,<br><br>        Defendant. | Case No. 2:25-cv-14984 (BRM) (JBC)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Kevin D. Jarvis's ("Jarvis"),[2] in his official capacity as the

Acting Commissioner of the New Jersey Department of Labor and Workforce Development (the

---

[1] Kevin D. Jarvis became the Acting Commissioner in February 2026. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Jarvis is substituted as Defendant (at the time the Amended Complaint was filed, Robert Ansaro-Angelo was the Commissioner of the NJDOL).

[2] Somet Technologies initially filed suit against both the then Governor of the State of New Jersey (Phil Murphy) and the then Commissioner of the NJDOL (Robert Asaro-Angelo). (ECF No. 1.) Somet Technologies subsequently amended the suit, which voluntarily dismissed the causes of action against the Governor of the State of New Jersey. (*Compare* ECF No. 1, *with* ECF No. 17; *see also* ECF No. 14 ¶ 9 (stating the amended would, in part, "serve to eliminate the Governor [of the State of New Jersey] as a now unnecessary party").) Although the Amended Complaint removed any and all references to the Governor of the State of New Jersey, and despite the fact the Commissioner of the NJDOL is the only captioned defendant, the pleading repeatedly states the causes of action are brought against "Defendants," plural. (*See*, *e.g.*, ECF No. 17 ¶¶ 4–6, 20, 22–24, 26–28, 30, Prayer for Relief.) Accordingly, the Motion to Dismiss the Amended Complaint requests the Court to dismiss both the present Governor of the State of New Jersey and the present Commissioner of the NJDOL. (*See* ECF No. 18-3.) However, as the Court finds the action was previously and voluntarily dismissed against the Governor of the State of New Jersey, the Court construes the motion as a request to dismiss the Commissioner of the NJDOL only.

"NJDOL"), Motion to Dismiss (the "Motion") (ECF No. 18) the Amended Complaint (ECF No. 17) pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and (6). Plaintiff Somet Technologies LLC ("Somet Technologies") filed an Opposition (ECF No. 21), and Jarvis filed a Reply (ECF No. 22). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Having reviewed and considered the parties' submissions filed in connection with the Motion and having declined to hold oral argument in accordance with Rule 78(b), for the reasons set forth below and for good cause shown, Jarvis's Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(1) is **GRANTED**, Jarvis's Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) is **DENIED AS MOOT**, and the Amended Complaint (ECF No. 17) is **DISMISSED WITHOUT PREJUDICE**.

## I.    BACKGROUND

For the purpose of this motion, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Somet Technologies. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.* (*In re Burlington*), 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

### A.    Factual Background

Somet Technologies is a computer technology company organized and governed under the laws of New Jersey, which has no employees. (ECF No. 1 ¶¶ 6, 9; *accord* ECF No. 17 ¶ 5.) Non-party Somet Truck Center New Jersey is an unrelated trucking business, which has multiple employees. (ECF No. 1 ¶ 11; *accord* ECF No. 17 ¶ 5.)

2

Between November 2019 and November 2024, the NJDOL erroneously attributed Somet Truck Center's unemployment and disability contributions and tax liabilities to Somet Technologies. (*See* ECF No. 17 ¶ 17; *accord* ECF No. 18-4 at 2.) The NJDOL subsequently obtained a series of judgments totaling $225,410.83 against Somet Technologies in the Superior Court of New Jersey, Somet County. (ECF No. 17 ¶ 17.) These judgments acted as liens "severely damag[ing] [Somet Technologies's] credit and interfer[ing] with its ability to conduct business." (*Id.* ¶¶ 17–18.) Throughout this five-year period, Somet Technologies made numerous attempts to correct this error without success. (*Id.* ¶ 19.)

### B.      Procedural History

On August 27, 2025, Somet Technologies filed the Complaint against the then Governor of the State of New Jersey (the "Governor") (Phil Murphy) and the Commissioner of the NJDOL (Robert Asaro-Angelo) (collectively, "Former Defendants"). (ECF No. 1.) The Complaint alleged three causes of action: deprivation pursuant to 42 U.S.C. § 1983 (Count I) (*id.* ¶¶ 19–22); declaratory judgment pursuant to 28 U.S.C. § 2201 (Count II) (*id.* ¶¶ 23–25); and injunctive relief (Count III) (*id.* ¶¶ 26–29). In response, the NJDOL vacated the erroneously obtained judgments against Somet Technologies on October 16, 2025. (*See* ECF No. 17 ¶¶ 1–3; *accord* ECF No. 18-5 at 10–17.)

On December 17, 2025, Former Defendants filed a request for a pre-motion conference pursuant to the Court's judicial preferences. (ECF No. 8.) Former Defendants filed a response to the request for a pre-motion conference on January 12, 2026. (ECF No. 10.) On January 13, 2026, the Court determined a pre-motion conference would not be beneficial and ordered the parties to proceed with motion practice. (ECF No. 11.)

On February 6, 2026, Former Defendants moved to dismiss the Complaint pursuant to Rules 12(b)(1) and (6). (ECF No. 12.) Former Defendants argued the Complaint should be dismissed on mootness grounds as the judgments were vacated. (*See* ECF No. 12-4 at 5–7.) Alternatively, Former Defendants contended the Complaint was barred under the Eleventh Amendment and the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1–1, *et seq*. (*See id.* at 7–10, 17–18.) Finally, Former Defendants posited the Complaint failed to state a claim. (*See id.* at 10–17.)

On February 27, 2026, Somet Technologies filed a motion to amend the Complaint pursuant to Rule 15(a)(2) (ECF No. 14; *see also* ECF No. 13 (erroneously filed initially as an amended complaint).) The Court granted the motion to amend on March 2, 2026. (ECF No. 16.) On March 2, 2026, Somet Technologies filed the Amended Complaint against the Commissioner of the NJDOL only, which asserts the same causes of action alleged in the original complaint.[3] (ECF No. 17.)

---

[3] The Amended Complaint appears to have been erroneously filed without its third page, which presumably contains all of paragraphs eight to thirteen and most of paragraph fourteen. (*See generally* ECF No. 17; *see also* ECF Nos. 13-1, 14-1 (similarly omitting the third page).) These paragraphs likely mirror paragraphs five through seven and nine through twelve omitting paragraph eight, which identified the Governor as a defendant in the original pleading. (*Compare* ECF No. 1 (alleging causes of action against both the Governor and the Commissioner), *with* ECF No. 17 (alleging causes of action against the Commissioner only); *see also* ECF No. 14 ¶ 9 (stating the amended would, in part, "serve to eliminate the Governor as a now unnecessary party").) Ordinarily, an amended pleading "supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F. 3d 69, 82 (3d Cir. 2019). However, preferring to consider the Motion on its merits rather than on a procedural defect, *see Lancaster v. New Jersey Transit Corp.*, Civ. A. No. 20-1995, 2022 WL 16701907, at *1 (D.N.J. Nov. 3, 2022), the Court considers omitted paragraphs eight through fourteen as included in the original complaint as paragraphs five through seven and nine through twelve. To the extent this presumption is erroneous, the presumption is harmless as the Amended Complaint is dismissed without prejudice.

On March 23, 2026, Jarvis filed the Motion to Dismiss the Amended Complaint pursuant to Rules 12(b)(1) and (6). (ECF No. 18.) Somet Technologies filed the Opposition on April 20, 2026 (ECF No. 21), and Jarvis filed the Reply on April 24, 2026 (ECF No. 22).

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-3922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)). A motion to dismiss under Rule 12(b)(1) challenging the Court's subject matter jurisdiction asserts the Court lacks "authority or competence to hear and decide the case before it." *Northlight Harbor, LLC v. United States*, 561 F. Supp. 2d 517, 520 (D.N.J. 2008) (citing Charles Alan Wright & Arthur R. Miller, *5B Federal Practice and Procedure* § 1350 (3d ed. 2004)). It requires a plaintiff to bear the burden of pleading that jurisdiction is appropriate. *Id.* at 521; *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction . . . to defeat a motion under Rule 12(b)(1)."). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief, but rather on whether the court has jurisdiction to hear the claim and grant relief. *See Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)). The court is tasked with determining "whether [it is] dealing with a facial or factual attack to jurisdiction." *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). The standard of review for a facial attack is the same as one "under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." *Id.* (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)).

A factual attack, however, "concerns not an alleged pleading deficiency, but rather the actual failure of [a plaintiff's] claims to comport with . . . jurisdictional prerequisites." *United States ex rel. FLFMC, LLC*, 855 F. Supp. 2d 300, 304 (D.N.J. 2012) (quoting *Atkinson*, 473 F.3d at 514). Unlike a facial attack, no presumption of truthfulness attaches to a plaintiff's allegations. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)).

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348. "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (alteration in original) (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)).

Here, Defendant asserts a facial 12(b)(1) challenge given it does not raise arguments concerning any of the underlying facts but rather focuses exclusively on deficiencies in the

pleadings. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### B.   12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include

"factual enhancement" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 570). The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, generally, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d

at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

## III. DECISION

Although the Court is granted some leeway to choose among competing grounds to dispose of an action, *see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007), the Third Circuit has clarified there exists a mandatory sequence in resolving same. *See Castillero v. Xtend Healthcare, LLC*, Civ. A. No. 22-2099, 2023 WL 8253049, at *9 (D.N.J. Nov. 29, 2023) (citing *Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87, 95 (3d Cir. 2018); *Silfee v. Automatic Data Processing, Inc.*, 696 F. App'x 576, 577 (3d Cir. 2017); *Edmondson v. Lilliston Ford, Inc.*, 593 F. App'x 108, 112 (3d Cir. 2014)). The Court is required to first resolve non-merit issues, such as those involving subject matter jurisdiction under Rule 12(b)(1), personal jurisdiction under 12(b)(2), and venue under 12(b)(3);[4] then arbitrability issues, such as a motion to compel arbitration under Rule 12(b)(6) or 56; and finally merit issues, such as a failure to state a claim under Rule 12(b)(6). *Id.* "District courts may not alter this sequencing . . . ." *Silfee*, 696 F. App'x at 577–78.

Here, Jarvis moves to dismiss the Amended Complaint pursuant to Rules 12(b)(1) and (6). (ECF No. 18.) Specifically, Jarvis argues the Amended Complaint should be dismissed on mootness grounds under Rule 12(b)(1). (*See* ECF No. 18-4 at 5–7.) Alternatively, Jarvis claims the Amended Complaint should be dismissed under Rule 12(b)(1) as the pleading is barred, in

---

[4] The Supreme Court has also held a *forum non conveniens* motion to be a non-merit issue to be resolved prior to a motion to compel arbitration. *See Sinochem Int'l Co.*, 549 U.S. at 431.

whole or in part, based on Jarvis's sovereign immunity pursuant to the Eleventh Amendment.[5] (*See id.* at 7–10.) Finally, Jarvis posits the Amended Complaint should be dismissed for failure to state a claim under Rule 12(b)(6). (*See id.* at 10–17.) The Court reviews each argument in turn.

### A.    Rule 12(b)(1)

#### 1.    Mootness

A federal court can only adjudicate live cases and controversies. *Rendell v. Rumsfeld*, 484 F.3d 236, 240 (3d Cir. 2007). Article III of the United States Constitution states, "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution." U.S. Const. art. III, § 2. The exercise of judicial power under Article III therefore requires "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72–73 (2013) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997)). "An action is rendered moot when 'an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit,' at any point during the litigation." *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F. 3d 239, 247 (3d Cir. 2013) (quoting *Genesis*, 569 U.S. at 72). In other words, if a claim is moot, "a federal court lacks jurisdiction to hear it." *United States v. Gov't of Virgin Islands*, 363 F.3d 276, 285 (3d Cir. 2004). However, the courts have recognized multiple exceptions to the mootness doctrine, including "the voluntary-cessation and capable-of-repetition-yet-evading-review exceptions." *See Lutter v. JNESO*, 86 F.4th 111, 131 (3d Cir. 2023); *see also Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378, 384

---

[5] Jarvis also claims Count III—the injunctive relief claim—is barred under the New Jersey Tort Claims Act. (*See* ECF No. 18-4 at 17–18.) In response, Somet Technologies acknowledges the injunctive relief claim is barred under same and "respectfully requests that the Court dismiss (or note the withdrawal of) the state-law tort claims so that this action may proceed on the remaining federal claims for prospective injunctive and declaratory relief." (ECF No. 21 at 7.) Accordingly, the Court **GRANTS IN PART** the Motion to Dismiss the Amended Complaint and Count III of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

(3d Cir. 2001) (recognizing two additional exceptions for a surviving secondary injury and a properly certified class action).

The voluntary-cessation exception "occurs where the defendant claims the matter has become moot owing to his [or her] voluntary cessation of the challenged action." *Clark v. Governor of New Jersey*, 53 F.4th 769, 775 (3d Cir. 2022) (citing *Hartnett v. Pennsylvania State Educ. Ass'n*, 963 F.3d 301, 306–07 (3d Cir. 2020)). A defendant asserting mootness bears the "heavy burden" of demonstrating "it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Fields v. Speaker of Pennsylvania House of Representatives*, 936 F.3d 142, 161 (3d Cir. 2019) (internal quotation marks omitted) (first quoting *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449, 457 n.1 (2017)), and then quoting *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007)); *accord Clark*, 53 F.4th at 775.

In contrast, the capable-of-repetition-yet-evading-review exception "is a narrow exception that applies only in exceptional situations," *i.e.*, "when the issue is deemed a wrong capable of repetition yet evading review." *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (internal quotation marks omitted) (first quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998), and then quoting *Chong*, 264 F.3d at 384). A plaintiff asserting the capable-of-repetition-yet-evading-review exception bears the burden of demonstrating both "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (quoting *Spencer*, 523 U.S. at 17); *see also Cnty. of Butler v. Governor of Pa.*, 8 F.4th 226, 231 (3d Cir. 2021) ("A plaintiff bears the burden to show that the 'capable of repetition yet evading review' exception applies." (citations omitted)).

11

Here, Jarvis argues the Amended Complaint should be dismissed as moot because the judgments have been vacated. (*See* ECF No. 18-4 at 5–7.) Somet Technologies concedes the judgments have in fact been vacated. (ECF No. 21 at 4–5.) However, Somet Technologies argues the action should not be dismissed based on both the voluntary-cessation and capable-of-repetition exceptions. (*Id.*) In response, Jarvis claims the NJDOL has corrected the identification number for Somet Truck Center "thereby eliminating the data error that gave rise to the erroneous assessments." (ECF No. 22 at 3.) In support, Jarvis cites a series of substantively identical memorandums addressed to the Superior Court, which requested the various judgments be vacated. (*See id.* (citing ECF No. 18-5 at 10–17).)

The Court is not convinced the NJDOL has corrected the data error and prevented the error from reasonably reoccurring. Although these memoranda certainly suggest the NJDOL recognizes it erroneously entered Somet Technologies's Federal Employment Identification Number ("FEIN") into its system for Somet Truck Center, the Court cannot find the memoranda make it "absolutely clear" either the NJDOL corrected this error in its system or replacing Somet Technologies's FEIN with Somet Truck Center's FEIN prevents such an error from reasonably reoccurring. (*See generally* ECF No. 18-5 at 10–17.) Accordingly, Jarvis has failed to meet his heavy burden of demonstrating the wrongful conduct could not reasonably be expected to recur under the voluntary-cessation exception.

Based on the foregoing, Jarvis's Motion to Dismiss the Amended Complaint based on mootness grounds under Rule 12(b)(1) is **DENIED**. Having determined Jarvis has failed to meet his burden under the voluntary-cessation exception, the Court need not determine whether Somet Technologies met its burden under the capable-of-repetition-yet-evading-review exception.

### 2.    Sovereign Immunity

Sovereign immunity "immunizes from suit in federal court both non-consenting states and those entities that are so intertwined with them as to render them 'arms of the state,'" *Karns v. Shanahan*, 879 F.3d 504, 513 (3d Cir. 2018) (quoting *Bowers v. NCAA*, 475 F.3d 524, 545 (3d Cir. 2007)), *i.e.*, "state agencies and state officers," *Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 857 (3d Cir. 2014). *See also N. Ins. Co. of N.Y. v. Chatham Cnty., Ga.*, 547 U.S. 189, 193 (2006) (recognizing such immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today" (internal quotation marks omitted)). Although the courts can "apply an 'oft-reiterated' three-part test to determine 'whether an entity is an alter ego or arm of a state for purposes of [sovereign] immunity,'" a court should dispense with the three-part test and summarily determine an entity qualifies for sovereign immunity if state law establishes the entity as "an administrative agency without existence apart from the [state]." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (quoting *Christy v. Pa. Tpk. Comm'n*, 54 F.3d 1140, 1144 (3d Cir. 1995)); *see also Wattie-Bey v. Att'y Gen.'s Office*, 424 F. App'x 95, 98 n.2 (3d Cir. 2011). However, courts have recognized three exceptions to sovereign immunity: (1) congressional abrogation of sovereign immunity, (2) consent to waive sovereign immunity, or (3) action for prospective injunctive relief against state officials. *See M.A. ex rel. E.S. v. State-Operated Sch. Dist. of City of Newark*, 344 F.3d 335, 345 (3d Cir. 2003); *see also Rhett v. Evans*, 576 F. App'x 85, 88 (3d Cir. 2014) (noting the third exception does not apply to states or state agencies).

Here, Jarvis argues the Amended Complaint should be dismissed based on sovereign immunity. (*See* ECF No. 18-4 at 5–7.) Jarvis is the Acting Commissioner of the NJDOL and, as such, is entitled to sovereign immunity in an action brought against him in his official capacity.

13

*See Hogg's v. New Jersey*, 352 F. App'x 625, 628 n.2 (3d Cir. 2009) (noting the NJDOL is an arm of the state entitled to sovereign immunity); *accord Berk v. New Jersey Unemployment Ins.*, Civ. A. No. 23-12891, 2024 WL 4891749, at *3 (D.N.J. Nov. 26, 2024).

In response, Somet Technologies does not contend Congress has abrogated sovereign immunity for claims arising under 28 U.S.C. § 2201 or 42 U.S.C. § 1983.[6] (*See generally* ECF No. 21.) Nor does it claim Jarvis has waived sovereign immunity and consented to suit. (*See generally id.*) Furthermore, Somet Technologies concedes sovereign immunity bars his request for monetary relief. (*See id.* at 6 ("To the extent damages are sought for past harm caused by the recorded liens (*e.g.*, business disruption, credit damage, or legal expenses), Jarvis may be correct that sovereign immunity bars those claims against the official-capacity defendant.").) Rather, Somet Technologies limits his opposition to the argument that sovereign immunity does not bar his request for prospective injunctive and declaratory relief against a state official. (ECF No. 21 at 5–7.)

It is well-established, the Eleventh Amendment bars suits seeking monetary relief, *see Garcia v. Corr. Med. Servs.*, Civ. A. No. 08-5652, 2010 WL 1644109, at *5 (D.N.J. Apr. 21, 2010); *accord Lasche v. New Jersey Dep't of Child. & Fams.*, Civ. A. No. 18-17552, 2026 WL 1441719, at *10 (D.N.J. May 22, 2026), and "does not bar suits seeking *prospective* injunctive or declaratory relief against state officials," *Thornton v. State*, No. 24-3084, 2026 WL 524685, at *2 (3d Cir. Feb. 25, 2026) (emphasis added) (citing *Merritts v. Richards*, 62 F.4th 764, 771 (3d Cir. 2023)); *see also Iles v. de Jongh*, 638 F.3d 169, 177 (3d Cir. 2011) (holding "a state [official] may

---

[6] *But see Altice USA, Inc. v. New Jersey Bd. of Pub. Utilities*, Civ. A. No. 19-21371, 2020 WL 359398, at *3–4 (D.N.J. Jan. 22, 2020) (noting Congress neither abrogated sovereign immunity under 28 U.S.C. § 2201 nor 42 U.S.C. § 1983).

14

be sued in his official capacity only for 'prospective' injunctive relief"). However, to establish his or her standing to seek prospective injunctive or declaratory relief a plaintiff must demonstrate the pleading "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); *accord Merritts*, 62 F.4th at 771–72. The relief sought cannot be characterized as retrospective, "such as money damages." *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 506 (3d Cir. 2001); *see also Altice USA, Inc. v. New Jersey Bd. of Pub. Utilities*, Civ. A. No. 19-21371, 2020 WL 359398, at *5 (D.N.J. Jan. 22, 2020) ("The label given to the requested relief is 'of no importance'—[courts] must 'look to the substance rather than the form of the relief requested' to determine if the relief sought is prospective or retrospective." (internal quotation marks omitted)); *Rudolph v. Adamar of New Jersey, Inc.*, 153 F. Supp. 2d 528, 539 (D.N.J. 2001) (holding an award of attorney's fees to be retroactive and, as such, "barred by the Eleventh Amendment"); *Durnan v. Delaware*, 244 F. Supp. 3d 424, 432 (D. Del. 2017) (holding an award of prospective declaratory relief that would result in monetary damages against a state to be "an impermissible end run around [the] Eleventh Amendment" (quoting *Mills v. Maine*, 118 F.3d 37, 55 (1st Cir. 1997))). The plaintiff bears the burden of demonstrating both an ongoing violation and the prospective nature of the relief sought, *see McNair v. Synapse Grp., Inc.*, 672 F.3d 213, 223 (3d Cir. 2012), which must be based on the "facts as they stand today," *See Ransom v. GreatPlains Fin., LLC*, 148 F.4th 141, 148 (3d Cir. 2025) ("[S]overeign immunity is an ongoing inquiry rather than a determination to be made . . . at the time of filing." (alteration in original) (quoting *Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1237 (10th Cir. 2010))).

15

The Amended Complaint does not allege an ongoing violation. As noted above, *see supra* Section III.A, Somet Technologies concedes the relevant judgments have in fact been vacated and does not claim there exists an ongoing violation at this time (*see* ECF No. 21 at 4–5). Rather, Somet Technologies requests injunctive relief to prevent the alleged risk of future harm, *see Waste Mgmt. of Pa., Inc., v. Shinn*, 938 F. Supp. 1243, 1253 (D.N.J. 1996) (noting a federal court may enjoin a state official from committing "future violations of federal law"), *i.e.*, "preventing [Jarvis] from again issuing and recording improper tax liens for employment taxes allegedly owed on non-existent employees." (ECF No. 21 at 6.)

Although allegations demonstrating a risk of future harm may suffice to allege a need for injunctive relief, a plaintiff bears the burden to show he or she is likely to suffer such future harm. *See McNair*, 672 F.3d at 223; *see also Marcavage v. Nat'l Park Serv.*, 666 F.3d 856, 862 (3d Cir. 2012) ("[A] plaintiff seeking an injunction must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical."). Neither conclusory nor speculative allegations may sufficiently demonstrate an ongoing violation for purposes of circumventing sovereign immunity. *See Thornton*, 2026 WL 524685, at *2. Accordingly, as the Amended Complaint fails to sufficiently show the existence of an ongoing violation, the claims against Jarvis in his official capacity for injunctive or declaratory relief are barred under sovereign immunity.

Based on the foregoing, Jarvis's Motion to Dismiss the Amended Complaint based on sovereign immunity under Rule 12(b)(1) is **GRANTED** and the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Having dismissed the Amended Complaint under Rule 12(b)(1), the Court need not determine whether Somet Technologies sufficiently stated a cause of action under Rule 12(b)(6).

16

## IV.    CONCLUSION

For the reasons set forth above, Jarvis's Motion to Dismiss the Amended Complaint (ECF No. 18) pursuant to Rule 12(b)(1) is **GRANTED**, Jarvis's Motion to Dismiss the Amended Complaint (*id.*) pursuant to Rule 12(b)(6) is **DENIED AS MOOT**, and the Amended Complaint (ECF No. 17) is **DISMISSED WITHOUT PREJUDICE** with leave to amend within thirty days of the accompanying Order consistent with the guidance in this Opinion. An appropriate order follows.

**Date: July 24, 2026**                        */s/ Brian R. Martinotti*
                                **HON. BRIAN R. MARTINOTTI**
                                **UNITED STATES DISTRICT JUDGE**

17